UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARIA LUISA PENA-RIVERA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:18-CV-1294
(Criminal Case No. 1:02:CR:221)

HON. GORDON J. QUIST

## **OPINION**

Petitioner, Maria Luisa Pena-Rivera, has filed a petition for a writ of *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651(a), seeking to challenge her 2003 conviction for possession of cocaine with intent to sell or distribute, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B). Pena-Rivera argues that she is entitled to relief because her counsel was ineffective in violation of the Sixth Amendment by failing to advise Pena-Rivera of the immigration consequences of her guilty plea.[1] (ECF No. 1 at PageID.9.) Pena-Rivera states that her counsel failed to advise her that her guilty plea could be a basis for removal. For the following reasons, the Court will deny the petition.

The United States Supreme Court has characterized the writ of error *coram nobis* as an "extraordinary remedy" that should be granted "only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511, 74 S. Ct. 247, 252 (1954). To be entitled to the writ, "the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have

---

[1] At the time Pena-Rivera was charged and pled guilty, she was known as Maria Luisa Lara.

altered the outcome of the challenged proceeding if it had been known." *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (citing *Blanton v. United States*, 94 F.3d 227, 230 (6th Cir. 1996)). The writ is used to vacate a federal sentence or conviction "only when a § 2255 motion is unavailable-generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *Id.* (some internal quotation marks omitted).

On March 24, 2003, this Court sentenced Pena-Rivera to 30 months imprisonment, followed by 5 years of supervised release, after she pled guilty to possession of cocaine with intent to sell or distribute, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B). Pena-Rivera served the in-custody portion of her sentence and was discharged from supervised release on October 29, 2009. At some point Pena-Rivera was removed from the United States, and subsequently reentered. (ECF No. 1 at PageID.6.)

Pena-Rivera alleges that she is entitled to relief because her counsel was ineffective. Ineffective assistance of counsel claims are analyzed under the well-known two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Under the first prong, the defendant must show that counsel's performance was "deficient." That is, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S. Ct. at 2064. The second prong requires the defendant to show that counsel's deficient performance prejudiced his defense—"that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Citing *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010), Pena-Rivera argues that her counsel was ineffective because he failed to advise her of the collateral consequences of

her guilty plea. In *Padilla*, the Court held that an attorney "must inform h[er] client whether h[er] plea carries a risk of deportation," and failure to do so constitutes ineffective assistance of counsel. *Id.* at 374, 130 S. Ct. at 1486. Pena-Rivera's problem is that she pled guilty more than seven years before the Supreme Court decided *Padilla*, and the Court has held that its ruling in *Padilla* does not apply retroactively to cases on collateral review. *Chaidez v. United States*, 568 U.S. 342, 347, 133 S. Ct. 1103, 1107 (2013). Moreover, in *United States v. Manjang*, 634 F. App'x 528 (6th Cir. 2015), affirming the district court, the court of appeals said, "[b]ecause *Padilla* is prospective only, the District Court cannot apply *Strickland* analysis to the immigration advice at issue, and thus properly denied defendant's petition for a writ of *coram nobis*."[2] *Id.* at 530.

In light of *Chaidez* and *Manjang*, Pena-Rivera may not rely solely on the fact that her counsel failed to advise her about the immigration consequences of her plea. The Court notes that *coram nobis* relief for ineffective assistance may be available in instances where the attorney *affirmatively misrepresents* the immigration consequences of a plea to his client. *See United States v. Garcia*, No. CR 99-0699-RSWL-3, 2017 WL 3669542, at *3 (C.D. Cal. Aug. 24, 2017) (noting that because the defendant was convicted in 2000, before *Padilla*, the defendant was required to show that his counsel affirmatively misrepresented immigration consequences to the defendant). Here, Pena-Rivera offers no facts or argument suggesting that her counsel affirmatively misled her about immigration consequences; she merely states that her counsel "failed to advise [her] that as a Lawful Permanent Resident, [she] would be immediately

---

[2]Pena-Rivera cites *Lee v. United States*, __ U.S. __, 137 S. Ct. 1958 (2017), but *Lee* does not support Pena-Rivera's request for relief. In *Lee*, the petitioner informed his attorney of his noncitizen status and repeatedly asked his attorney whether he would face deportation as a result the criminal proceeding. 137 S. Ct. at 1963. Pena-Rivera does not allege in her petition or her declaration that she inquired of her counsel about the immigration consequences of her plea.

upon conviction subject to deportation."  (ECF No. 3 at PageID. 28.)  Pena-Rivera thus has not demonstrated a basis for relief in the form of a writ of *coram nobis*.

Accordingly, the Court will deny Pena-Rivera's petition for a writ of *coram nobis*.

A separate order will issue.


Dated:  November 27, 2018                              /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE